# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>RANDY McKEEVER,<br><br>   Defendant. | Criminal No. 00-250 (CKK) |

## MEMORANDUM OPINION
(June 26, 2017)

Presently before the Court is Defendant Randy McKeever's [42] Letter Regarding Detainer Placed on Defendant, which the Defendant was granted leave to file. *See* 12/16/2016 Letter [42] at 1 (noting that leave to file was granted on 12/20/2016). The Defendant, who is proceeding *pro se*, requests this Court to reduce his sentence by permitting his 18-month term of imprisonment to run concurrently, rather than consecutively, with his Maryland state sentence. Upon a review of the parties' submissions,[1] the relevant authorities, and the record as a whole, the Court finds that the Defendant is not entitled to the requested relief, and the Court shall DENY the relief requested in the Defendant's [42] Letter.

## I. BACKGROUND

### A. Procedural History

On December 5, 2000, Defendant Randy McKeever ("Defendant" or "Mr. McKeever") pled guilty to one count of Unlawful Possession of a Firearm or Ammunition by a Convicted Felon.

---

[1] Def.'s Letter, ECF No. [42]; Govt.'s Response to Def.'s Letter ("Govt.'s Opp'n."), ECF No. [45]. The Defendant filed no reply.

The Court sentenced Mr. McKeever on June 21, 2001, to 12 months imprisonment, with the term to run concurrent with Defendant's imprisonment under any previous state or federal sentence, followed by three years of supervised release. *See* 6/21/2001 Minute Order. While the Defendant was on his supervised release, he was charged with and convicted of voluntary manslaughter and a firearm count in Maryland, and he was sentenced to a thirty-year term of imprisonment, which he is currently serving. On June 17, 2008, Magistrate Judge John Facciola held a revocation hearing on Defendant's violation of his supervised release, where Defendant conceded the violation and acknowledged that his Maryland conviction constituted a Grade A violation. *See* 6/13/2008 Minute Order; Govt.'s Opp'n, Ex. A (Magistrate Judge Facciola's 6/17/2008 Report and Recommendation [40]) at 1. Magistrate Judge Facciola noted that the recommended Guidelines range for the Defendant was 18 to 24 months, but he recommended that Mr. McKeever be sentenced to 18 months, and he rejected Defendant's request that such sentence be concurrent with the Maryland sentence. Ex. A [40] at 1.

This Court adopted the Report and Recommendation on June 26, 2008. Defendant was sentenced to 18 months imprisonment relating to his violation of supervised release, and such sentence was to run consecutively with the Maryland sentence. *See* 6/26/2008 Minute Entry. At the time the Defendant was sentenced, the Court acknowledged that the new sentence could "result in some detainer" while Defendant was serving his Maryland sentence. *See* Govt.'s Opp'n, Ex. B (June 26, 2008 sentencing transcript) [47] at 18. The Court elected however to impose a consecutive sentence on grounds that "there should be a sentence that [Mr. McKeever] actually serves that relates to this case." Ex. B [47] at 8. The Court's [41] July 15, 2008 Judgment and Commitment Order revoked the Defendant's supervised release and sentenced Mr. McKeever to "[e]ighteen (18) months to be served consecutively to any sentence that the defendant is then

2

serving." *See* Govt.'s Opp'n, Ex. C (7/15/2008 Judgment and Commitment Order) [41].

On December 20, 2016, this Court granted Defendant leave to file the instant Letter, in which Mr. McKeever requests that his 18-month sentence following the revocation of his supervised release be changed to run concurrently, instead of consecutively, with the sentence he is serving in Maryland. The Government filed a Response to the Defendant's Letter on February 17, 2017.

### B. Defendant's Request for a Sentence Reduction

Defendant requests that the sentence imposed for his violation of supervised release, which was set by this Court, be modified so that it runs concurrently, instead of consecutively, with his Maryland sentence. Defendant has served about 11 years of his 30-year term, and he contends that his consecutive sentence acts as a detainer, which prevents him from participating in certain rehabilitative activities offered through the Department of Corrections. Defendant asserts that "a sentence may be modified or corrected on review, or the sentencing courts may run a consecutive sentence concurrently after the final sentence is imposed."[2] Def.'s Letter at 1. Mr. McKeever's Letter requesting a change in his sentence may be construed as a motion requesting a sentence modification under 18 U.S.C. § 3582(c). *See generally United States v. Ingram*, 908 F. Supp.2d 1, at \*6 (D.D.C. 2012) (construing one of the defendant's requests for relief as a motion made pursuant to 18 U.S.C. § 3582(c)(2)). "The Court is not bound by a pro se litigant's characterization of his cause of action [but] [r]ather, a court must determine the proper characterization of a filing by the nature of the relief sought." *Williams v. Gonzalez*, 567 F. Supp. 2d 148, 149 (D.D.C. 2008)

---

[2] Defendant cites *United States v. Booker*, 543 U.S. 220 (2005) to support his request for a sentence reduction. It is unclear whether Mr. McKeever is referencing *Booker* on constitutional grounds or whether he contends that the Sentencing Guidelines are merely advisory rather than mandatory. In either case, *Booker* provides no basis for the Court to grant a sentence reduction.

3

(citing *McLean v. United States*, 2006 WL 543999, at *1 (D.D.C. Mar. 3, 2006)). Accordingly, the Court will treat the Defendant's [42] Letter ("Def.'s Mot.") as a motion to be analyzed in the context of 18 U.S.C. § 3582(c).³

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582, which addresses modification of a term of imprisonment:

> The court may not modify a term of imprisonment once it has been imposed except that - -
>
> > (1) in any case - -
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that - -
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > > >
> > > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> > >
> > > and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> >
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statue or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to

---

³ The Government agrees that Defendant's Letter should be "construed as a pro se motion for a sentence modification under 18 U.S.C. §3582(c) . . . ." Govt.'s Opp'n at 1.

> the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c).

### III. ANALYSIS

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010). However, section 3582(c) of Title 18 of the United States Code provides three exceptions to this general rule. Specifically, the Court is authorized to modify a term of imprisonment once imposed only under one of these circumstances: (1) upon motion by the Director of the Bureau of Prisons; (2) when expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) where the applicable sentencing guideline range has been retroactively lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)-(2); *see United States v. Morris*, 116 F.3d 501, 504 (D.C. Cir. 1997) ("Under 18 U.S.C. § 3582(c) a court may modify a sentence only in three circumstances. . . .") The Government argues that none of these exceptions to the general rule are applicable here and, accordingly, "the Court lacks jurisdiction to modify defendant's sentence in the manner he requests." Govt.'s Opp'n at 3.

First, the Director of the Bureau of Prisons has not filed a motion requesting that Mr. McKeever's sentence be reduced. Second, the Court is not expressly permitted by statute or Federal Rule of Criminal Procedure 35 to reduce Mr. McKeever's sentence. Mr. McKeever has not pointed to any statutory provision that would allow the Court to reduce his sentence. Further, Federal Rule of Criminal Procedure 35 only authorizes the reduction of a sentence within 14 days of sentencing to correct a clear error, or upon motion of the government if a defendant, after sentencing, provided substantial assistance to the government. Fed. R. Crim. Proc. 35(a)-(b).

Neither of the provisions of Rule 35 is applicable here. Finally, there has been no change in the applicable sentencing guideline range that would benefit Mr. McKeever.

Defendant focuses on the fact that his consecutive sentence acts as a detainer during the time he is serving his Maryland sentence, and thus, he is unable to participate in some of the rehabilitative "vocational training shops" and "drug programs" that require an inmate to have no detainers. Def.'s Mot. at 1. Defendant appears to rely upon Section 3582(c)(1)(A)(i), but under that provision, the Court may modify a defendant's sentence on the <u>motion</u> of the Bureau of Prisons only if "extraordinary and compelling reasons" warrant such a reduction. The Bureau of Prisons has not made such motion in this case nor has the Defendant alleged extraordinary circumstances, and accordingly, no sentencing reduction is warranted. *See generally United States v. Bynoe*, No. CR. 01-559-03 (TFH), 2006 WL 1071481, at *3 (D.D.C. Apr. 21, 2006) (finding that the defendant's argument under 18 U.S.C. § 3582(c) "must fail because [defendant's] asserted rehabilitation is not an authorized reason to reduce his sentence.")

Furthermore, the Government notes that "defendant raised this precise argument at his June 2008 sentencing, and the Court rejected it," in favor of imposing an independent sentence for Defendant's supervised release violation. Govt's Opp'n at 4. The Court acknowledged that the consecutive sentence could serve as a detainer but concluded that "putting [the sentences] together does not accomplish that particular purpose" of having the Defendant serve a sentence that relates to the case in this Court. Ex. B [47] at 8. Defendant's Letter, construed by this Court as a motion for sentencing reduction under 18 U.S.C. § 3582(c), requires one of three factual or legal predicates, of which Defendant has alleged none. For the foregoing reasons, the Court finds that Defendant's [42]

Letter requesting a sentencing reduction must be denied. An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____  
COLLEEN KOLLAR-KOTELLY  
UNITED STATES DISTRICT JUDGE