**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal No. 00-250 (CKK) |
| RANDY McKEEVER, | Civil Action No. 19-2123 (CKK) |
| Defendant. | |

**MEMORANDUM OPINION**
(October 21, 2019)

Presently before the Court is *Pro Se* Defendant Randy McKeever's [50] Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody; and the Government's [53] Response to Defendant's Pro Se Petition.[1] Defendant Randy McKeever ("Defendant" or "Mr. McKeever") requests this Court to order federal and state prison authorities to allow him to serve his District of Columbia federal sentence (based on revocation of his supervised release) before serving the remainder of his State of Maryland sentence. Upon a review of the parties' submissions, the relevant authorities, and the record as a whole, the Court finds that the Defendant is not entitled to the requested relief, and the Court shall DENY the relief requested in the Defendant's [50] Petition.

---

[1] This Court issued an Order indicating that Defendant's reply, if any, to the Government's response was to be filed by October 7, 2019. *See* July 3, 2019 Order, ECF No. 51. As of the date of this Memorandum Opinion, no reply has been received by this Court.

1

# I. BACKGROUND[2]

## A. Procedural History

On December 5, 2000, Defendant Randy McKeever ("Defendant" or "Mr. McKeever") pled guilty to one count of Unlawful Possession of a Firearm or Ammunition by a Convicted Felon. The Court sentenced Mr. McKeever on June 21, 2001, to 12 months imprisonment, with the term to run concurrent with Defendant's imprisonment under any previous state or federal sentence, followed by three years of supervised release. *See* June 21, 2001 Minute Order. While the Defendant was on his supervised release, he was charged with and convicted of voluntary manslaughter and a firearms count in Maryland, and he was sentenced to a thirty-year term of imprisonment, which he is currently serving. On June 13, 2008, Magistrate Judge John Facciola held a revocation hearing on Defendant's violation of his supervised release, where Defendant conceded the violation and acknowledged that his Maryland conviction constituted a Grade A violation. *See* June 13, 2008 Minute Order. Magistrate Judge Facciola noted that the recommended Guidelines range for the Defendant was 18 to 24 months, but he recommended that Mr. McKeever be sentenced to 18 months, and he rejected Defendant's request that such sentence be concurrent with the Maryland sentence. *See* June 17, 2008 Report and Recommendation, ECF No. 40, at 1.

This Court adopted the Magistrate Judge's Report and Recommendation on June 26, 2008. Defendant was sentenced subsequently to 18 months imprisonment relating to his violation of supervised release, and his sentence was to run consecutively with the Maryland sentence. *See*

---

[2] The Background section of this Memorandum Opinion reiterates some of the information contained in the Background section of this Court's [49] June 26, 2017 Memorandum Opinion.

2

June 26, 2008 Minute Entry. At the time the Defendant was sentenced, the Court acknowledged that the new sentence could "result in some detainer" while Defendant was serving his Maryland sentence. June 26, 2008 Sentencing Transcript, ECF No. 47, at 18. The Court elected however to impose a consecutive sentence on grounds that "there should be a sentence that [Mr. McKeever] actually serves that relates to this case." *Id.* at 8. The Court revoked the Defendant's supervised release and sentenced Mr. McKeever to "[e]ighteen (18) months to be served consecutively to any sentence that the defendant [was] then serving." July 15, 2008 Judgment and Commitment Order, ECF No. 41.

On December 20, 2016, this Court granted Defendant leave to file a Letter, in which Mr. McKeever requested that his 18-month sentence following the revocation of his supervised release be changed to run concurrently, instead of consecutively, with the sentence he was serving in Maryland. The Government filed a Response to the Defendant's Letter on February 17, 2017. Defendant was afforded the opportunity to file a Reply, but he did not do so. On June 26, 2017, this Court issued its [48] Order and accompanying [49] Memorandum Opinion whereby the Court treated the Defendant's Letter as a motion pursuant to 18 U.S.C. § 3582, and denied the relief requested by the Defendant.

### B. Defendant's Present Petition

By means of his present Petition, Defendant requests that the Court order federal and state prison authorities to allow him to serve his 18-month federal sentence prior to serving the remainder of his State of Maryland sentence. More specifically, Defendant asserts that — as a jurisdictional matter — the State of Maryland prison authorities should have permitted him to serve his District of Columbia federal sentence for violation of his supervised release prior to returning him to the State of Maryland to continue serving his state sentence on the manslaughter and

firearms charges. Defendant appears to argue that the State of Maryland did not have the appropriate jurisdiction to require him to serve his Maryland sentence first because this Court "had 1st jurisdiction and should have never released jurisdiction until [Mr. McKeever's] sentence was satisfied." Petition, ECF No. 50, at 14.[3]

The Government's Response to Mr. McKeever's Petition addresses both of Defendant's claims: (1) that the State of Maryland should have allowed Mr. McKeever to serve his 18-month sentence before serving the 30-year Maryland sentence; and (2) that this Court lost jurisdiction when it sentenced Mr. McKeever on his violation of supervised release but did not permit him to serve that sentence first. Defendant did not file any Reply to the Government's Response despite being allowed the opportunity to do so.

## II. ANALYSIS

**A. Defendant's First Claim**

Defendant filed a Petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody,[4] and in his Petition, he asserts that the State of Maryland should have allowed him to complete his 18-month federal sentence before returning him to the State of Maryland to continue serving his sentence there. The Government contends that this issue is "not properly raised in a § 2254 petition in the District of Columbia." Government Response, ECF No. 53, at 4. Federal courts are authorized to issue a writ of habeas corpus "[o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, Mr. McKeever is in custody in the State of Maryland pursuant to a judgment of a state court

---

[3] The Court cites to the page number assigned through the Electronic Case Filing system.
[4] The Court's docket entry for ECF 50 refers to it as a "Motion to Vacate under 28 U.S.C. 2255."

in the State of Maryland. The Government suggests that this Court should thus either summarily deny Defendant's Petition or alternatively, transfer the Petition to the United States District Court for the District of Maryland. Prior to summarily denying Defendant's Petition or ordering a transfer to the District of Maryland, this Court will examine the merits of Defendant's claim. *See Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (noting that before a trial court transfers a case to another jurisdiction "in the interests of justice," the court can "take a peek at the merits" because "there is no reason to raise false hopes and waste judicial resources by transferring a case that is clearly doomed.")

In arguing that the defendant's case is "clearly doomed," the Government relies upon *Williams-El v. Carlson*, 712 F.2d 685 (D.C. Cir. 1983). In that case, the defendant was under federal "custody and control" when he committed a Maryland state crime for which he was convicted in state court and sentenced to 15 years. After serving two months of his state sentence, he was returned to federal custody and the state filed a detainer with the federal authorities. The defendant therein claimed that Maryland prison officials had no authority to return him to federal custody to serve the balance of the federal sentence before he completed his state sentence. Furthermore, the defendant challenged the issuance of the detainer, which led to imposition of more restrictions on him while in prison. The Circuit Court for the District of Columbia Circuit dismissed the appeal as frivolous, finding that "a prisoner has no cause of action 'to contest the agreement between [two] sovereigns as to the order of prosecution and execution of sentences.'" *Williams-El*, 712 F.2d at 686 (quoting *Bullock v. State of Mississippi*, 404 F.2d 75, 76 (5th Cir. 1968)).

In its Response, the Government has cited additional authority on this issue from various circuit courts. *See, e.g., Jeter v. Keohane*, 739 F.2d 257, 258 (7th Cir. 1984) ("An individual who

5

has violated the laws of two or more sovereigns may not complain of the order in which he is to serve the various sentences.") (quoting *Mitchell v. Boen*, 194 F.2d 405, 407 (10th Cir. 1952)); *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980) ("[d]etermination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns. . . and [is] not a "judicial[ ] function"); *Bailey v. United States Marshal Service*, 584 F. Supp. 2d 128, 134 (D.D.C. 2008) (Kollar-Kotelly, J.) (prisoner does not derive personal right from an issue of comity between two sovereigns).

Mr. McKeever contends that when he was "released from Maryland's jurisdiction to go and take care of his federal detainer/warrant . . . and [he] was sentenced to 18 months and [ ] in federal custody[,] the U.S.D.C. should have allowed the defendant to serve the 18 months ordered by the judge to prevent prejudice[] to the defendant by having a detainer[.]" Petition, ECF No. 50, at 6. The case law cited by the Government illustrates that Defendant's claim about a "release" from jurisdiction is erroneous. When a prisoner is transferred from state to federal authorities pursuant to a writ of habeas corpus *ad prosequendum*, he is considered to be "on loan" from the state. *Crawford v. Jackson*, 589 F.2d 693, 695-96 (D.C. Cir. 1978); *see Hernandez v. United States Attorney General,* 689 F.2d 915, 918 (10th Cir. 1982) (when state officials temporarily transferred custody over a prisoner for federal proceedings pursuant to a writ of habeas corpus *ad prosequendum*, they "did not relinquish jurisdiction" over the prisoner and "he continued to be a 'state prisoner.'")

After revocation of Defendant's supervised release by this Court and imposition of a consecutive sentence of 18 months, Mr. McKeever was returned to the State of Maryland to continue serving his sentence there, while the sentence imposed by this Court was lodged as a detainer. The 18-month federal sentence is to be served after the Defendant has served his sentence

in the State of Maryland. The Government asserts that "actions taken by the executive branches of the State of Maryland and the federal government in the defendant's cases were within the provinces of those sovereignties and were not a 'judicial[ ] function.'" Government Response, ECF No. 53, at 6 (*quoting Warren*, 610 F.2d at 685-86). "[T]he federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first." *Causey v. Civiletti*, 621 F.2d 691, 694 (5th Cir. 1980). Accordingly, because Defendant's complaint about the order of the execution of his sentences is without legal support, his fist claim shall be denied by this Court.

### B. Defendant's Second Claim

Defendant argues further that this Court somehow lost its jurisdiction when it sentenced him for his violation of supervised release without allowing him to serve that sentence first. The Government proffers that this second claim by Defendant fails for several reasons. If construed under Defendant's Section 2254 Petition, Section 2254 "applies only to state prisoners" and "defendant is a federal prisoner in the instant case and thus is ineligible for relief[.]" Government Response, ECF No. 53, at 7. Even assuming *arguendo* that Defendant's second claim could be considered under Section 2254, it would be time-barred because Defendant's sentence became final in 2008, and he did not file this Petition until 2019. *See* 28 U.S.C. § 2244(d)(1).[5] Finally, as indicated herein, this Court has no authority over prison officials in Maryland or in this jurisdiction concerning the order of sentences. Accordingly, Defendant's second claim fails, and it shall be denied by this Court.

---

[5] The Government notes that even if this Petition was construed under Section 2255, the Petition is time-barred pursuant to 28 U.S.C. § 2255 (f). Government Response, ECF No. 53, at 7 n.4.

## III. CONCLUSION

For the reasons set forth herein, Defendant's [50] Petition, which contests the order in which his state and federal sentences are to be served and proffers that this Court is without jurisdiction, shall be DENIED. A separate Order accompanies this Memorandum Opinion.

DATED: October 21, 2019 _____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE